UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DANIEL CEPEDA, <br><br> Plaintiff, <br><br> v. <br><br> MOLLY J. STEBER, Sacramento County District Attorney's Office, <br><br> Defendant. | No. 2:20-cv-01320 KJM AC (PS) <br><br><br> FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

1

1  baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and
2  (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton
3  Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S.
4  1037 (2011).
5      The court applies the same rules of construction in determining whether the complaint
6  states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court
7  must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must
8  construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a
9  less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520
10 (1972).  However, the court need not accept as true conclusory allegations, unreasonable
11 inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618,
12 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice
13 to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,
14 556 U.S. 662, 678 (2009).
15     To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
16 state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "A claim has
17 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
18 reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at
19 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity
20 to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v.
21 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in
22 Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).
23     A. The Complaint
24     Plaintiff brings suit against single defendant: Molly J. Steber of the Sacramento County
25 District Attorney's Office. ECF No. 1 at 2.  Ms. Steber is sued both in her individual and official
26 capacity, pursuant to 42. U.S.C. § 1983. Id. at 2-3. Plaintiff alleges he suffers "continual harm
27 from a fundamentally flawed prosecution." Id. at 3.  He specifically alleges that "acting under
28 color of authority, District Attorney, Molly J. Steber, did a number of violations against plaintiff

2

in that she orchestrated a prosecution in bad faith and then covered up the discovery or mishandled the discovery evidence making it harder to prove bad faith prosecution for whatever political or other gain value[.]" Id. at 4. Plaintiff has been injured by his presence on the Sex Offender Registry (SORNA), and has been diagnosed with PTSD from the abuse suffered. Id. at 5. Plaintiff seeks $1,000,000 in damages and for his SORNA listing to be removed.

B. Analysis

This complaint must be dismissed, for two fundamental reasons: it fails to state a claim upon which relief may be granted, and it seeks monetary relief from a defendant who is immune from such relief. Plaintiff cannot pursue a lawsuit against district attorney Steber because she is protected by prosecutorial immunity. District attorneys acting within the scope of their quasi-judicial duties as advocates for the state are absolutely immune from civil suits for damages under Section 1983. See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). This immunity applies to the initiation and presentation of a criminal prosecution and the evidence used in that prosecution. Even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence must be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F. Supp. 710, 728 (N.D. Cal. 1984) (citing, inter alia, Imbler, 424 U.S. 409).

Prosecutorial immunity is not the only barrier to a lawsuit based on an allegedly wrongful conviction. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a civil rights action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has already been reversed or otherwise invalidated. Id. at 484. Even when expungement is not the relief sought, civil suit is barred if a judgment in favor of plaintiff would necessarily imply the invalidity of the conviction. Id. at 487. Although plaintiff asserts that he has been "successful on appeal against his 5th, 8th, and 14th U.S. Constitutional Rights as well as Ex Post Facto resurrection violation claim etc." (ECF No. 1 at 4) he does not identify the conviction that is the subject of this lawsuit nor does he state that the conviction itself has been overturned. Absent a showing that his conviction has been invalidated, plaintiff cannot maintain a lawsuit predicated on the theory that the judgment in his criminal case was unlawful. There is

1  no point in permitting amendment to clarify the status of plaintiff's conviction, however, because
2  prosecutorial immunity is absolute and would bar this lawsuit even if Heck does not.
3      For these reasons, the court finds that the complaint fails to state a cognizable civil rights
4  claim under 42 U.S.C. § 1983, and that amendment of the complaint would be futile. "A district
5  court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707
6  F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000)
7  ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

## II.  Conclusion

9      Accordingly, the undersigned recommends that plaintiff's request to proceed in forma
10 pauperis (ECF No. 2) be GRANTED but that the complaint (ECF No. 1) be DISMISSED with
11 prejudice because it fails to state a claim upon which relief can be granted and because it brings
12 claims against immune defendants.
13     These findings and recommendations are submitted to the United States District Judge
14 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days
15 after being served with these findings and recommendations, plaintiff may file written objections
16 with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document
17 should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure
18 to file objections within the specified time may waive the right to appeal the District Court's
19 order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153,
20 1156-57 (9th Cir. 1991).
21 DATED: July 6, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE